UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL R. REYNA, | § | |
|     Petitioner | § | |
| | § | |
| v. | § | C.A. No. C-06-438 |
| | § | |
| 319th DISTRICT COURT OF | § | |
| NUECES COUNTY, TEXAS, | § | |
|     Respondent | § | |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On November 8, 2006, the United States Magistrate Judge filed an Amended Memorandum and Recommendation in this case (D.E. 16). Petitioner filed objections (D.E. 20). Having reviewed the Magistrate Judge's Memorandum and Recommendation, the pleadings on file and Petitioner's objections, the Court adopts the findings and conclusions of the Magistrate Judge.

A federal court may not hear a state prisoner's federal habeas corpus petition until the state prisoner has exhausted all remedies available in state court. 28 U.S.C. § 2254 (1996); *Moore v. Quarterman*, 454 F.3d 484, 490 (5th Cir. 2006) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). This requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).

Under the abstention doctrine, federal courts may not consider requests for injunctive relief that are based on constitutional challenges to state criminal proceedings when (1) the dispute involves an ongoing state judicial proceeding; (2) the subject matter of the proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Business v. Earle,* 388 F.3d 515, 516 (5th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Petitioner was indicted for murder on August 31, 2006, in Corpus Christi. It is unclear whether Petitioner has yet been tried or convicted in state court for his murder charge. Nevertheless, he is incarcerated in the Nueces County Jail and complains of irregularities in his prosecution. Specifically, he seeks to have evidence suppressed and alleges his appointed counsel is ineffective.

There is no indication in the record that Petitioner has presented his claims to the Texas Court of Criminal Appeals. In fact, Petitioner states in his objections that he has not exhausted state remedies and that it is appropriate for the Court to refrain from considering his petition. (D.E. 20, page 2). Petitioner does not object to the Magistrate Judge applying the abstention doctrine. Petitioner acknowledges that the state prosecution for murder against him is "still in process." (D.E. 20, page 1). He does not argue that Texas does not have an interest in prosecuting those indicted for murder or that state proceedings do not provide an adequate means to address his constitutional challenges.

The Court finds Petitioner has failed to exhaust state remedies. The Court further finds that abstention is appropriate in this case. Therefore, Petitioner's request for habeas corpus relief is DENIED without prejudice. Petitioner's motions to suppress evidence (D.E. 10), for pro se documentation file be preserved (D.E. 11), and for discovery (D.E. 13) are DENIED without prejudice. Should Petitioner seek a Certificate of Appealability, it is DENIED.

ORDERED December 29, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE